132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Federico TORRES-CORADO,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997**
Decided Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federico Torres-Corado, a native and citizen of Guatemala, petitions for review from the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's denial of his applications for asylum and withholding of deportation under §§ 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for substantial evidence the BIA's factual determinations underlying its decision that an applicant is ineligible for asylum and withholding of deportation. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). Therefore, we must uphold the BIA's decision unless the evidence was so compelling that no reasonable fact-finder could find as the BIA did. See id.
 
 
 4
 An applicant is statutorily eligible for asylum if he establishes that he has suffered past persecution, or has a well-founded fear of future persecution, on account of political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). An applicant who resists forced ggrecruitment by guerrillas must present some evidence that the guerrillas persecuted him, or potentially will persecute him, because of his actual or imputed political opinion, rather than because of his refusal to join their ranks. See Sangha, 103 F.3d at 1490.
 
 
 5
 Here, Torres-Corado, who was not a member of any political or social organization, testified that unknown callers, presumably guerrillas, phoned him at work once or twice a day during two weeks in 1993, attempting to recruit him because of his experience with weapons.[2] Torres-Corado also testified that when he refused to join the guerrillas, they threatened to kill him.
 
 
 6
 Torres-Corado failed to present any evidence that the guerrillas' persecuted him, or potentially will persecute him, on account of a political opinion, real or imputed. Accordingly, Torres-Corado failed to establish his eligibility for asylum. See INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992) (holding that refusal to join guerrilla forces in not enough by itself to show that persecutors acted "on account of" applicant's political opinion); Sangha, 103 F.3d at 1490.
 
 
 7
 Because Torres-Corado failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Star. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Star. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C § 1105a
 
 
 [2]
 Torres-Corado served in the military from 1984-1987. He was an armed security guard at the time of the phone calls